CAIN *v.* WOOD.

5-2820 362 S. W. 2d 441

Opinion delivered December 10, 1962.

*Ivan Williamson,* for appellant.

*Caldwell T. Bennett,* for appellee.

PAUL WARD, Associate Justice. Paul Cain, appellant, was the owner of forty acres of land described as the southwest quarter of the southeast quarter of Section 35, Township 13 north, Range 9 west. He filed a suit against Lee Rackley and P. C. Wood, d/b/a Wood Lumber Company (hereafter referred to as Wood), defendants, to recover triple damages (in the amount of $7,836) for knowingly cutting and removing timber from his land.

In the complaint it was alleged that the defendants "were partners or engaged in a joint venture, or that Lee Rackley was the agent, servant, and/or employee of the said P. C. Wood." In Rackley's separate answer he denied the alleged relationship between him and Wood, and also denied owing Cain anything. Wood also denied any such relationship with Rackley or that he caused any timber to be cut on Cain's land.

During the trial, after all testimony had been introduced, the trial court directed a verdict in favor of Wood. The jury returned a verdict in favor of Cain against Rackley for single damages in the sum of $1,200. Rackley has not appealed, and Cain does not prosecute or urge any appeal from the judgment against Rackley.

Cain, in this appeal, does insist that the trial court erred in directing a verdict in favor of Wood, and we agree. The only question involved is whether Wood's relation to Rackley was such as to make him liable to Cain, and that is a fact question. Citations are unnecessary to substantiate the well established rule that all fact questions, supported by substantial testimony, must be presented to the jury.

We have concluded, from an examination of the record, that there is substantial evidence in this case to show Wood had some connection with or control over Rackley in the matter of cutting and removing timber from Cain's land.

Cain's testimony was substantially as follows: He talked with Rackley who said they were cutting timber on his (Cain's) land; That Rackley said Wood sold him the timber and told him to cut it; He stated that Wood said the boys were cutting for him, and that they got over the line, and also said they would pay him for the timber; On another occasion he told Wood the amount he wanted for the timber, that Wood said it was too much, but Wood never denied he was a participant. Dempsey Sutton, a witness for Cain, testified that he cut timber part of the time on land which he thought belonged to Wood but later learned belonged to Cain—that he was cutting for Wood. Ira Tuttle, a witness for Cain, testified that he would ''settle'' for the timber cut on Cain's land.

There was other testimony and records which tended to show Wood had no connection or relationship with Cain, and which tended to explain away the testimony on behalf of Cain, but this could not, of course, obviate submitting all the testimony to the jury.

Since the judgment against Rackley is final, the reversal as to Cain's claim against Wood will permit a new trial only as to those two parties.

Reversed.